IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JULIAN B. D'AMBROSIO,**                                3:12-CV-01826-BR

       Plaintiff,

                                      OPINION AND ORDER

v.

**STERLING SAVINGS BANK;
FIDELITY NATIONAL TITLE
INSURANCE COMPANY; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; and DOES 1-20,**

       Defendants.


**JULIAN B. D'AMBROSIO**
9895 S.E. Sunnyside Road, Suite L
Clackamas, OR 97015

       Plaintiff, *Pro Se*

**JODY M. MCCORMICK
MICHAEL L. LOFT
GEANA M. VAN DESSEL**
Witherspoon Kelly
422 W. Riverside Ave.
Suite 1100
Spokane, WA 99201
(509) 624-5265

       Attorneys for Defendant Sterling Savings Bank

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Julian B. D'Ambrosio's Motion (#19) for Extension of Time.  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

### BACKGROUND

On October 10, 2012, Plaintiff filed this action against Defendants Sterling Savings Bank; Fidelity National Title Insurance Company; and Mortgage Electronic Registration Systems, Inc. (MERS) alleging claims for quiet title, wrongful foreclosure, and breach of fiduciary duty and seeking declaratory and injunctive relief as well as damages.

On October 23, 2012, Attorney Michael Loft filed a Notice of Appearance on behalf of Defendant Sterling Savings Bank.

On November 19, 2012, Attorney Jody McCormick filed a Notice of Appearance on behalf of Defendant Sterling Savings Bank.

On December 26, 2012, Attorney Geana Van Dessel filed a Motion for Leave to Appear *Pro Hac Vice* in which she inadvertently stated she was representing Sterling Savings Bank, Fidelity National Title Insurance Company, and MERS.

On February 5, 2013, the Court granted Van Dessel's Motion for Leave to Appear *Pro Hac Vice*.  At that time Van Dessel realized she had inadvertently appeared on behalf of all Defendants.  Accordingly, on February 12, 2013, Van Dessel filed

2 - OPINION AND ORDER

an Amended Motion for Leave to Appear *Pro Hac Vice* in which she clarified that she represented only Sterling Savings Bank.

On February 15, 2013, the Court granted Van Dessel's Amended Motion.

On February 26, 2013, Sterling Savings Bank filed a Motion to Dismiss and a Request for Judicial Notice.

On March 6, 2013, the Court entered an Order advising the parties that Plaintiff's responses to Sterling Savings Bank's Motions were due March 25, 2013, and Sterling Savings Bank's replies were due April 11, 2013, at which time the Court would take the Motions under advisement.

On March 18, 2013, Plaintiff filed a Motion for Extension in which he seeks an extension of time to respond to Sterling Saving's Bank's Motions and to "perfect service" against MERS.

## DISCUSSION

**I.   Extension of time to file response to Sterling Savings Bank's Motions**

Plaintiff seeks an extension of time to April 15, 2013, to respond to Sterling Savings Bank's Motions.  Sterling Savings Bank does not object to Plaintiff's request.  Accordingly, the Court grants Plaintiff's Motion and grants Plaintiff an extension of time to April 15, 2013, to file responses to Sterling Savings Bank's Motions.  Sterling Savings Bank's replies in support of

3 - OPINION AND ORDER

its Motions are due April 29, 2013.  The Court will take the Motions under advisement at that time.

## II.  Extension of time to serve MERS

Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As noted, Plaintiff filed this action on October 10, 2012.  Accordingly, Plaintiff was required under Rule 4(m) to serve all Defendants by February 7, 2013.  Plaintiff states in his Motion for Extension of Time that he was in the process of serving MERS when Van Dessel filed her February 5, 2013, Notice of Appearance on behalf of MERS.  At that point Plaintiff ceased his efforts to serve MERS based on Van Dessel's statement in her February 5, 2013, Notice.  Plaintiff contends he should not be prejudiced by Van Dessel's mistake and requests additional time to serve MERS now that he is aware MERS has not made an appearance in this matter.

The Court notes Van Dessel filed her February 5, 2013, Notice of Appearance only two days short of the 120 days Plaintiff had to serve MERS.  Plaintiff, therefore, had ample time from the filing of his Complaint to accomplish service on

4 - OPINION AND ORDER

MERS.  Nevertheless, because Plaintiff is proceeding *pro se* in this matter and because he was reasonably confused by Van Dessel's representation in her February 5, 2013, Notice of Appearance, the Court grants Plaintiff additional time to serve MERS.  Accordingly, the Court grants Plaintiff until April 10, 2013, to serve MERS.  If Plaintiff fails to properly serve MERS within the time allowed, the Court will dismiss Plaintiff's claims against MERS without prejudice.

### III. Service of Fidelity National Title

The Court notes Plaintiff has not effected service on Defendant Fidelity National Title.  Plaintiff, however, does not address his failure to serve Fidelity National Title or request more time to serve Fidelity National Title.  Accordingly, the Court orders Plaintiff to show cause in writing no later than April 3, 2013, why the Court should not dismiss Plaintiff's claims against Fidelity National Title without prejudice for lack of timely service.

### CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#19) for Extension of Time as follows:

1. Plaintiff shall file a response to Sterling Savings Bank's Motion to Dismiss **no later than April 15, 2013,** and Sterling Savings Bank shall file its reply **no later**

5 - OPINION AND ORDER

>   **than April 29, 2013;**

2.  Plaintiff shall serve MERS **no later than April 12, 2013;** and

3.  Plaintiff shall show cause in writing **no later than April 8, 2013**, why the Court should not dismiss Plaintiff's claims against Fidelity National Title without prejudice for lack of timely service.

IT IS SO ORDERED.

DATED this 28th day of March, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER