IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JULIAN B. D'AMBROSIO,                          3:12-CV-01826-BR

       Plaintiff,

                                         OPINION AND ORDER

v.

STERLING SAVINGS BANK;
FIDELITY NATIONAL TITLE
INSURANCE COMPANY; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; AND DOES 1-20,

       Defendants.


JULIAN B. D'AMBROSIO
9895 S.E. Sunnyside Rd., Suite L
Clackamas, OR 97015

       Plaintiff, *Pro Se*

JODY M. MCCORMICK
MICHAEL L. LOFT
GEANA M. VAN DESSEL
Witherspoon Kelly
422 W. Riverside Ave.
Suite 1100
Spokane, WA 99201
(509) 624-5265

       Attorneys for Defendants Sterling Savings Bank and
       Mortgage Electronic Registration Systems, Inc.

1 - OPINION AND ORDER

**DANIEL A. WOMAC**
The Law Division of Fidelity National Title Group
1200 Sixth Avenue
Suite 620
Seattle, WA 98101
(206) 224-6004

       Attorney for Defendant Fidelity National Title Company

**BROWN, Judge.**

       This matter comes before the Court on Defendant Sterling Savings Bank's Motion (#12) To: (A) Dismiss Counts One Through Three of Plaintiff's Complaint; and (B) Discharge *Lis Pendens*. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Sterling's Motion.

<u>**BACKGROUND**</u>

       The following facts are taken from Plaintiff's Complaint and documents judicially noticed by the Court.

       On November 8, 2005, Plaintiff Julian B. D'Ambrosio signed a Promissory Note with Action Mortgage Company secured by property located at 2530 Lorinda Court, West Linn, Oregon.  Plaintiff also entered into a Trust Deed as to that property with Plaintiff as grantor, Fidelity Service Corporation as Trustee, and Mortgage Electronic Registration System (MERS) solely as nominee for the beneficiary, Action.

       At some point the Trust Deed was recorded in Clackamas County, Oregon.

2 - OPINION AND ORDER

Plaintiff alleges at some time Action sold Plaintiff's "Loan"[1] to "investors," and Defendant Sterling Savings Bank was appointed as successor trustee.

On July 22, 2010, MERS filed an Appointment of Successor Trustee in Clackamas County and appointed Defendant Fidelity National Title Insurance (Fidelity) as the successor trustee.

On July 29, 2010, Fidelity executed a Notice of Default and Election to Sell against Plaintiff's property in which Fidelity alleged a default on the Note and initiated a nonjudicial foreclosure of Plaintiff's property.

On December 8, 2010, Fidelity sold Plaintiff's property at foreclosure sale to Sterling.

On December 18, 2011, Sterling sold the property to First Federal Savings Bank.[2]  On December 19, 2011, Sterling filed a Quit Claim Deed in Clackamas County "convey[ing] and quit claim[ing]" the property to First Federal Savings Bank.

On October 10, 2012, Plaintiff filed a Complaint in this Court against Sterling, Fidelity, MERS, and Does 1-20 alleging claims against all Defendants for (1) declaratory relief, (2) injunctive relief, (3) quiet title, and (4) wrongful foreclosure.  Plaintiff also brings a claim for breach of

---

[1] The Complaint uses the term "loan" to mean the Promissory Note.

[2] First Federal Savings Bank is not a party to this action.

3 - OPINION AND ORDER

fiduciary duty against Fidelity.

On November 28, 2012, Plaintiff filed a Notice of Pendency of An Action (*Lis Pendens*) against the property in Clackamas County.

On February 26, 2012, Sterling filed a Motion to Dismiss in which it seeks dismissal of Plaintiff's claims for declaratory and injunctive relief and Plaintiff's claim for quiet title as well as discharge of the *lis pendens*.

The Court took Sterling's Motion under advisement on April 29, 2013.

### STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at

557).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## DISCUSSION

In his claims against Sterling, Plaintiff seeks: (1) a declaration that "STERLING . . . did not have standing to non-judicially foreclose on the . . . property"; (2) injunctive relief rescinding the sale of the property, prohibiting the resale of the property, and enjoining "any further collection activity"; and (3) quiet title on the property in Plaintiff's favor.[3]

Sterling moves to dismiss Plaintiff's claims against Sterling for declaratory and injunctive relief and to quiet title

---

[3] Plaintiff also brings a claim for wrongful foreclosure against all Defendants, but Sterling does not move for summary judgment on that claim.

on the grounds that (1) Sterling no longer owns the property, and, therefore, Plaintiff fails to state a claim for injunctive and declaratory relief; (2) Plaintiff failed to name First Federal as a defendant, and, therefore, the Court lacks jurisdiction to enter a declaratory judgment; (3) Plaintiff fails to allege that he is able to cure the default or to satisfy his mortgage, and, therefore, he fails to state a claim for quiet title; and (4) Plaintiff's failure to name First Federal as a defendant is fatal to Plaintiff's claim for quiet title.

## I.    *Niday v. GMAC Mortgage, LLC*

As noted, Plaintiff brings a claim against Defendants for wrongful foreclosure.  The Court notes the Oregon Supreme Court recently concluded in *Niday v. GMAC Mortgage, Inc.*, that, among other things, in the context of nonjudicial foreclosure, (1) the lender rather than MERS was the beneficiary of the trust deed and (2) the beneficiary's failure to record the transfer of the promissory note did not preclude nonjudicial foreclosure.  No. SC S060655, 2013 WL 2446524, at *7-8 (Or. June 6, 2013).  Sterling, however, has not moved to dismiss that claim, therefore, the issues decided in *Niday* are not before the Court at this time.

## II.  **Plaintiff's claim for declaratory judgment**

As noted, Plaintiff seeks a declaration that "STERLING . . . did not have standing to non-judicially foreclose on the . . . property."

**A.    Standards**

The Declaratory Judgment Act provides in relevant part
that "[i]n a case of actual controversy within its jurisdiction,
. . . any court of the United States, upon the filing of an
appropriate pleading, may declare the rights and other legal
relations of any interested party seeking such declaration,
whether or not further relief is or could be sought."  28 U.S.C.
§ 2201(a).  "The limitations that Article III imposes upon
federal court jurisdiction are not relaxed in the declaratory-
judgment context.  Indeed, the case-or-controversy requirement is
incorporated into the language of the very statute that
authorizes federal courts to issue declaratory relief."
*Gator.com Corp. V. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir.
2005).  As the Supreme Court held in *MedImmune Inc. v. Genetech
Inc.*:

> *Aetna* and the cases following it do not draw
> the brightest of lines between those
> declaratory-judgment actions that satisfy the
> case-or-controversy requirement and those
> that do not.  Our decisions have required
> that the dispute be "definite and concrete,
> touching the legal relations of parties
> having adverse legal interests"; and that it
> be "real and substantial" and "admi[t] of
> specific relief through a decree of a
> conclusive character, as distinguished from
> an opinion advising what the law would be
> upon a hypothetical state of facts."  *Id.,* at
> 240-241, 57 S. Ct. 461.  In *Maryland Casualty
> Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270,
> 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941), we
> summarized as follows:  "Basically, the
> question in each case is whether the facts

> alleged, under all the circumstances, show
> that there is a substantial controversy,
> between parties having adverse legal
> interests, of sufficient immediacy and
> reality to warrant the issuance of a
> declaratory judgment."

549 U.S. 118, 127 (2007).  The Supreme Court has emphasized the

district court's "unique and substantial" discretion as to

whether to issue declaratory judgments.  *Wilton v. Seven Falls*

*Co.*, 515 U.S. 277, 286 (1995).  The Court underscored "[i]f a

district court, in the sound exercise of its judgment, determines

after a complaint is filed that a declaratory judgment will serve

no useful purpose, it cannot be incumbent upon that court to

proceed to the merits before staying or dismissing the action."

*Id*. at 288.  "When there is no actual controversy, the court has

no discretion to decide the case.  When there is an actual

controversy and thus jurisdiction, the exercise of that

jurisdiction is discretionary."  *Spectronics Corp. v. H.B. Fuller*

*Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991).

## B.  Analysis

As noted, Sterling moves to dismiss Plaintiff's claim

for declaratory relief against it on the ground that Sterling was

not involved in the foreclosure of the property.  Sterling

purchased the property at foreclosure, but it has not owned the

property since December 2011.  Sterling was not the trustee,

lender, or note-holder at the time of the foreclosure.  According

to Sterling, therefore, there is not any actionable case or

8 - OPINION AND ORDER

controversy related to Sterling as to the foreclosure.  In addition, Sterling asserts Plaintiff has failed to join First Federal who is an indispensable party to Plaintiff's claim for declaratory judgment.  The Court agrees.

Because Sterling did not own the property at the time of the foreclosure and does not own the property at this time, there is not any definite and concrete right of Plaintiff that touches on any legal relationship between Plaintiff and Sterling as to which this Court could issue a declaration because there is not now nor was there at the time of the foreclosure any legal relationship between Plaintiff and Sterling.

In addition, the Oregon Supreme Court has construed Oregon's declaratory-judgment statute to require joinder of all affected parties in order to vest a court with jurisdiction to issue a declaratory judgment.  *See Oregon AFSCME (Am. Fed. of State, County and Mun. Emp.) Council 75 v. State of Or. Dep't of Admin. Svcs.*, 150 Or. App. 87, 93 (1997)(citations omitted). Undoubtedly First Federal, the current owner of the property, would be affected by the declarations that Plaintiff seeks.  As noted, however, Plaintiff failed to join First Federal.

The Court, therefore, concludes the lack of an actual case or controversy as between Plaintiff and Sterling as well as Plaintiff's failure to join an affected party deprives this Court of jurisdiction to address the declarations sought by Plaintiff.

9 - OPINION AND ORDER

Accordingly, the Court grants Sterling's Motion to Dismiss Plaintiff's claim against Sterling for declaratory judgment.

## III. Plaintiff's claim for injunctive relief

As noted, Plaintiff seeks the following injunctive relief: to rescind the sale of the property, to prohibit the resale of the property, and to enjoin "any further collection activity."

### A.    Standards

A plaintiff seeking a permanent injunction must demonstrate (1) he has suffered an irreparable injury, (2) remedies available at law such as monetary damages are inadequate to compensate for that injury, (3) a remedy in equity is warranted considering the balance of hardships between the plaintiff and the defendant, and (4) the public interest would not be disserved by a permanent injunction. *eBay, Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 392 (2006). *See also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1152 (9th Cir. 2011)(same).

"As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 520 (9th Cir. 1993).

"An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*

10 - OPINION AND ORDER

*v. Natural Res. Defense Council, Inc*., 555 U.S. 7, 24 (2008).
The court must have jurisdiction to grant injunctive relief.  *See
Taylor v. Westly*, 488 F.3d 1197, 1202 (9th Cir. 2007).

**B.  Analysis**

Sterling contends Plaintiff has not stated a claim for
injunctive relief against Sterling because Sterling does not own
the property.  Sterling also is not involved in any collection
activity related to the property because it was not involved in
the foreclosure and has not owned the property since December
2011.  Sterling notes Plaintiff also seeks damages on his
wrongful foreclosure claim.  Because Sterling does not own the
property, however, monetary damages are the only relief that
Plaintiff could properly seek against Sterling.  Plaintiff,
therefore, cannot establish his remedies available at law (such
as monetary damages) are inadequate to compensate for any injury
allegedly caused by Sterling.  Finally, with respect to
Plaintiff's request to rescind the sale of the property, Sterling
notes Plaintiff has not joined as a defendant the current owner
of the property, First Federal, which is an indispensable party
to rescission of the sale of the property.  The Court agrees and
concludes Sterling is not the proper party from whom to seek
rescission of the sale of the property or to prohibit future sale
of the property.  The Court also concludes Plaintiff has failed
to plead facts sufficient to establish the remedies available to

him at law (such as monetary damages) are inadequate to
compensate for his alleged injury by Sterling or that a remedy in
equity is warranted as to Sterling.

Accordingly, the Court grants Sterling's Motion to
Dismiss as to Plaintiff's claim against Sterling for injunctive
relief.

## IV.  Plaintiff's claim to quiet title

Plaintiff also brings a claim to quiet title in his name
against "the claims of Defendants and all others who claim any
legal or equitable right, title, estate, lien, or interest in
[the property] adverse to the Plaintiff's title, and/or whose
claim(s) in any way cloud the Plaintiff's title."  Compl. at
¶ 61.

Sterling moves to dismiss Plaintiff's quiet-title claim on
the grounds that Plaintiff failed to name the entity in
possession of the property, First Federal, as a defendant and
failed to plead that he can cure the default or satisfy his
mortgage loan.

Sterling relies on *MacLand v. Allen Family Trust* to support
its contention that Plaintiff's failure to name the current owner
of the property requires the Court to dismiss Plaintiff's quiet-
title claim.  207 Or. App. 420 (2006).  *MacLand* involved a
dispute between family members over ownership of family property.
The plaintiff brought an action in state court against the family

trust seeking a judgment declaring him to be the owner of the
property, an accounting, and an order requiring the property to
be deeded to him.  *Id*. at 423.  The defendant moved to dismiss
because, among other things, the plaintiff failed to join Ricky
Allen, who was the sibling in possession of the property.  The
court granted the defendant's motion to dismiss:  "In this case,
Ricky [Allen] is in present possession of the property and has a
claim to ownership.  He is therefore a necessary party and
failure to join him constitutes a jurisdictional defect.
Defendant's motion to dismiss . . . should be granted."  *Id*. at
431.

     Here Plaintiff has not named First Federal as a party.
First Federal is the current owner and possessor of the property
and, therefore, is a necessary party.  Accordingly, the Court
grants Sterling's Motion to Dismiss Plaintiff's quiet-title claim
on the ground that Plaintiff has failed to name a necessary
party.

**IV.  Adding First Federal as a defendant**

     Sterling contends even if Plaintiff was allowed to amend his
Complaint to name First Federal, amendment would be futile
because Plaintiff also does not allege a willingness or ability
to cure the default and Plaintiff's alleged injury can be
remedied by the monetary relief he seeks.  Sterling relies on
*Staton v. BAC Home Loans Servicing, L.P.*, to support its

assertion that amendment would be futile.  Civ. No. 10-01306-AA,
2011 WL 2213800, at *2 (D. Or. June 3, 2011).

In *Staton* the defendant successor trustee initiated
proceedings for a nonjudicial foreclosure on the plaintiff's
property.  *Id*.  The plaintiff filed an action alleging a claim
for, among other things, quiet title and sought damages as well
as injunctive and declaratory relief.  The defendants moved to
dismiss the plaintiff's claims, including her claim for quiet
title.  The court granted the defendants' motion to dismiss the
plaintiff's quiet-title claim:

> [E]ven if plaintiff's complaint did state a claim
> to quiet title, it would not be an appropriate
> remedy here.  In general, a person may bring an
> equitable quiet title action to obtain resolution
> of a dispute relating to adverse or conflicting
> claims to real property.  *Spears v. Dizick*, 235
> Or. App. 594, 598, 234 P.3d 1037 (2010).  While it
> is possible that defendants may have failed to
> follow the proper foreclosure procedures, it is
> undisputed that defendants had the right to
> foreclose based upon plaintiff's default under the
> loan.  Thus, because plaintiff is unable to cure
> the default, she no longer has a valid claim for
> entitlement to the property.  As such, there are
> no conflicting claims to the property for this
> Court to resolve.
>
> Further, "[e]quitable relief does not lie if there
> is an adequate remedy at law."  *Alsea Veneer, Inc.
> v. State of Oregon*, 318 Or. 33, 43, 862 P.2d 95
> (1993).  Here, plaintiff is seeking several other
> remedies, including over $2 million in monetary
> damages, an injunction against defendants from
> foreclosing on her property, and a declaration
> that she owns the property free of any mortgage.
> Based on her complaint, plaintiff clearly believes
> that there are other adequate remedies available
> at law. . . .  As such, plaintiff has failed to

                    show that she is not entitled to further equitable
                    relief.

*Id.*, at *8-9.

     As noted, Plaintiff has not alleged he is willing or able to
cure his mortgage default.  In addition, like the plaintiff in
*Staton*, Plaintiff seeks "actual and consequential damages."
Plaintiff, therefore, again like the plaintiff in *Staton,* must
"believe[] . . . there are other adequate remedies available at
law" for the allegedly wrongful foreclosure.  It is possible,
however, that Plaintiff could amend his Complaint to add First
Federal as a defendant in Plaintiff's quiet-title claim and such
an amendment would not be futile if Plaintiff also amended his
Complaint to allege he is able to cure his mortgage default and
to remove his claim for damages.  Accordingly, the Court grants
Plaintiff leave to amend his quiet-title claim to the extent he
can, if possible, cure the deficiencies noted in his quiet-title
claim.

**V.   *Lis Pendens***

     Sterling also seeks an order releasing the *lis pendens*
Plaintiff has filed on the property on the ground that
Plaintiff's claims do not survive Sterling's Motion to Dismiss.

     Although the Court grants Sterling's Motion to Dismiss
Plaintiff's claim for quiet title, the Court declines to decide
whether Plaintiff may amend his Complaint to include claims

against First Federal other than a claim for quiet title and/or to sufficiently state claims for declaratory or injunctive relief as to the remaining Defendants because those issues are not before the Court at this time.

Accordingly, the Court denies Sterling's Motion as to its request for an order releasing the *lis pendens* against the property with leave to renew the issue at a later date if appropriate.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Sterling's Motion (#12) To: (A) Dismiss Counts One Through Three of Plaintiff's Complaint; and (B) Discharge *Lis Pendens* as follows:

(1)  the Court **GRANTS** Sterling's Motion as to Plaintiff's claim for declaratory relief against Sterling without leave to amend;

(2)  the Court **GRANTS** Sterling's Motion as to Plaintiff's claim for injunctive relief against Sterling without leave to amend;

(3)  the Court **GRANTS** Sterling's Motion as to Plaintiff's claim for quiet title with leave to amend his Complaint

no later than **July 2, 2013**,[4] to the extent Plaintiff can, if possible, cure the deficiencies noted in his quiet-title claim; and

(4)  the Court **DENIES** Sterling's Motion as to Sterling's request to release the *lis pendens* on the property.

IT IS SO ORDERED.

DATED this 13th day of June, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

---

[4] If Plaintiff does not file an Amended Complaint by July 2, 2013, this matter will not proceed against any Defendant as to Plaintiff's quiet-title claim, and will proceed against Sterling only as to Plaintiff's claim for wrongful foreclosure.

17 - OPINION AND ORDER